a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD CHAPMAN #349954,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01402<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| WARDEN HOME,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF. No. 1) filed by *pro se* Petitioner Harold Chapman (#349954) ("Chapman"). Chapman is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Chapman challenges his conviction and sentence in the Thirty-Fifth Judicial District Court, Grant Parish.

Because Chapman's § 2254 Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Chapman alleges that he was tried and convicted of armed robbery in 1996 and sentenced as a habitual offender to 55 years of imprisonment. ECF No. 1 at 8. His conviction and sentence were affirmed on appeal. *State v. Chapman*, 96-01165 (La.App. 3 Cir. 2/4/98); 709 So.2d 1107, *writ denied*, 98-0885 (La. 9/18/98); 724 So.2d 753.

He filed one application for post-conviction relief on an unspecified date, for which the Louisiana Supreme Court denied writs because the it was repetitive and untimely. *State ex rel. Chapman v. State*, 2006-0367 (La. 8/18/06); 935 So.2d 144.

Chapman filed another application for post-conviction relief on August 3, 2018 alleging that he lacked the mental capacity to stand trial. ECF No. 1 at 9. The application was denied. *Id.* The Louisiana Supreme Court denied writs because the application was not timely filed in the district court under article 930.8, and Chapman failed to carry his burden to show that an exception applied. *State v. Chapman*, 2019-02039, p. 1 (La. 8/14/20); 300 So.3d 851 (citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189).

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott v. Johnson*, 192 F.3d 510, 512

(5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Chapman claims that his § 2254 Petition is timely because he filed a post-conviction application in 2018, which was finally denied in 2020. However, Chapman's conviction and sentence became final on December 18, 1998 when his time for seeking review in the United States Supreme Court expired. Thus, Chapman had only one year from that date within which to file his § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A). Chapman's Petition was filed 22 years later. ECF No. 1.

The statutory tolling principle does not benefit Chapman because the federal limitations period expired years before the post-conviction application was filed. Once the federal limitations period expired, "[t]here was nothing to toll." *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008); *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (motion seeking collateral review filed after the expiration of the federal statute of limitations has no bearing on the timeliness of a federal habeas petition); *Magee v. Cain*, 2000 WL 1023423, *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001); *Smith v. Cain*, CIV.A. 11-1895, 2012 WL 629987, at *2 (E.D. La. Jan. 17, 2012), *report and recommendation adopted*, 2012 WL 629147 (E.D. La. Feb. 27, 2012). And because the application for post-conviction relief was untimely filed in the state court, it was not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (when the state

courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petitioner to statutory tolling).

Although AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so for Chapman's Petition. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). For the same reason, "equitable tolling does not lend itself to bright-line rules." *Id.* Nonetheless, certain sources of delay in filing do not create "extraordinary circumstances" warranting equitable tolling. *Id.*

Chapman claims that his attorney provided ineffective assistance and that the trial court improperly found him competent to stand trial. He does not allege that he was actively misled by the State about the cause of action or prevented in an extraordinary way from timely and properly asserting his rights.

## III. Conclusion

Because Chapman's § 2254 Petition is untimely, IT IS RECOMMENDED that Chapman's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Monday, January 25, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE